Mr. Maurice Smith, Director Arkansas State Highway and Transportation Department P.O. Box 2261 Little Rock, AR 72203
Dear Mr. Smith:
This is in response to your request for an opinion on whether the newly transferred enforcement personnel of the former Arkansas Transportation Safety Agency are entitled to receive the uniform allowance authorized under Section 11 of Act 67 of 1989 (1st Ex. Sess.). Specifically, you note that the Arkansas Transportation Safety Agency (ATSA) was recently merged into the Arkansas Highway and Transportation Department (AHTD) by Act 153 of 1989 (1st Ex. Sess.). At the time of the transfer, the ATSA had a motor carrier safety enforcement section with enforcement personnel who were certified uniformed police officers. They are now uniformed personnel of the AHTD.
Your question relative to the facts above is whether these officers are entitled to receive the uniform allowance set out in Section 11 of Act 67 of 1989 (1st Ex. Sess.) (the AHTD's appropriation act. That section provides:
SECTION 11. UNIFORM ALLOWANCE.
The Arkansas Highway Commission is hereby authorized to pay from funds appropriated for Maintenance and Operation a uniform allowance of Twelve Hundred Dollars ($1,200) per annum for all uniformed personnel (Arkansas Highway Police Patrolman through Chief, Police Division) of the Arkansas Highway Police Division. The above mentioned allowance shall be equated to and paid at the rate of One Hundred Dollars ($100) per month for each month of the employment for those eligible personnel of the Arkansas Highway Police Division. Provided further, that when uniformed personnel are hired, they shall be paid an initial lump-sum uniform allowance of Two Hundred Dollars ($200) that shall be in addition to the monthly allowance as herein provided.
You note that the uniformed officers of the ATSA, while still employed there, did not receive a uniform allowance, but had their uniforms supplied and paid for out of the ATSA operating budget.
It is significant to note, in my opinion, that the act transferring the ATSA to the AHTD (Act 153 of 1989), and the AHTD's general appropriation act (Act 67 of 1989) were enacted on the same date (June 23, 1989) and went into effect on the same date, July 1, 1989. Thus, the legislature must have been aware of the transfer of these officers into the AHTD when it appropriated the funds under the Department's appropriation act.
The resolution of your question will involve a construction of the relevant language of Act. 67. That language authorizes the payment of a uniform allowance to "all uniformed personnel . . . of the Arkansas Highway Police Division." You note that the former ATSA officers have been transferred to the Arkansas Highway Police Division of the AHTD, and that they are uniformed personnel. The problem arises because the language of the statute also includes a clause which describes the uniformed personnel of the Arkansas Highway Police Division. That clause describes the uniformed personnel of that division as "(Arkansas Highway Police Patrolman through Chief, Police Division)". Your question is whether this language precludes the newly transferred former ATSA uniformed officers, who are now assigned to the Police Division, from receiving the uniform allowance. It is my opinion that it does not.
The basis for my conclusion rests upon two factors. The first is a rule of statutory construction. It has been held that "(t)he interpreting or defining clause should be used only for the purpose of interpreting words which are ambiguous or equivocal, and not so as to disturb the meaning of such as are plain." 82 C.J.S. Statutes 315 at p. 538. In my opinion, the language of the statute, absent the interpreting clause, is plain. The legislature has authorized the payment of a uniform allowance for all uniformed personnel of the Arkansas Highway Police Division. The fact that these personnel are defined as only including the Arkansas Highway Police Patrolmen through the Chief is not, in my opinion, controlling. At the time of the adoption of Act 67, these persons were the only uniformed personnel of the Arkansas Highway Police Division. When the act went into effect, however, additional uniformed personnel were transferred to the Division from the ATSA.
The second factor upon which my opinion is based is one more in the nature of a practical consideration. It is my understanding that the newly transferred officers, and the existing personnel of the AHTD, are now to have the same job description. All of the uniformed personnel of the Division will have the same job description, although the newly transferred officers have generally lower salary levels due to previous appropriations to the ATSA. The officers may be assigned to different duties in the Division, and not all may be acting as Arkansas Highway Police Patrolmen, but it is my understanding that the Department's chief legal counsel has concluded that the new officers will perform all functions previously performed by them, as well as all functions performed by the Arkansas Highway Police Division enforcement personnel, and that such enforcement officers will possess all powers conferred on the Arkansas Highway Police Division by A.C.A.27-50-205.
In light of this information, it is my opinion that the newly transferred ATSA officers are eligible to receive the uniform allowance authorized in Section 11 of Act 67 of 1989. They are eligible and may be assigned to perform the duties of "Arkansas Highway Police Patrolman," as well as other duties.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.